**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Russell W. HOOK, Defendant— Appellant.**

No. 01–10255.

D.C. No. CR–00–00038–LKK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 15, 2002.

Decided April 1, 2002.

448

Before REINHARDT, NOONAN, and FERNANDEZ, Circuit Judges.

MEMORANDUM *

Russell Hook appeals his conviction and sentence arising out of his removal of minerals from property in the Plumas National Forest. *See* 16 U.S.C. § 551; 36 C.F.R. § 261.9(b) (removal of United States property) (conducting unauthorized work activity; here, mining.). We affirm.

■ There can be no doubt that the Bureau of Land Management withdrew the property in question (the Hound Dog claim's property) from location and entry before Hook conducted his activities thereon. *See Withdrawal of National Forest System Land for the Soda Rock Special Interest Area; California,* 64 Fed.Reg. 47515 (Aug. 31, 1999). But, says Hook, that withdrawal was subject to "valid existing rights." *Id.* So it was.

However, at best that only gets Hook halfway to his goal because he must point to some right that existed at the time of withdrawal. Certainly, he has not shown that he had any. Nevertheless, he notes that Donald E. Eno held the Hound Dog placer mining claim on the property. Hook suggests that he might have had Eno's permission to be there, although he does not say and submitted no evidence that he did. He further argues that the property right in any minerals belongs to Eno in any event and not to the United States.[1]

We agree with the district court that Hook's argument is unpersuasive. That is because even Eno did not have any right

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. There can be no doubt that the holder of a valid unpatented mining claim, which we will assume Hound Dog is, does have substantial property rights arising out of that claim. *See, e.g., Forbes v. Gracey,* 94 U.S. 762, 765–66, 24 L.Ed. 313 (1877); *United States v. Bagwell,* 961 F.2d 1450, 1456 (9th Cir.1992); *W. Mining Council v. Watt,* 643 F.2d 618, 628 (9th Cir.1981).

to conduct operations to remove the mineral property in question. In 1927, the property had been designated as a power site and withdrawn from entry and location. *See* 16 U.S.C. § 818. Later on, and before the Hound Dog claim was located, the property was again open "to entry for location and patent of mining claims," but with severe restrictions. *See* 30 U.S.C. § 621. Those precluded any and all placer mining operations for a period of 60 days after notice of location was filed. 30 U.S.C. § 621(b). If the Secretary of the Interior gave notice that a hearing would be held regarding the effect of placer mining operations, those operations were precluded until after the hearing took place and an order issued. *Id.* In addition, the Secretary's order could provide "a complete prohibition of placer mining." 30 U.S.C. § 621(b)(1).

The Hound Dog locators filed their placer claim and were given the required notice by the Secretary within 60 days. As of the date of Hook's entry, no hearing had taken place and no order had issued from the Secretary. Thus, the pith of the matter is that nobody had a right to conduct placer mining operations on the property to remove minerals when Hook conducted his activities—not the general public, not Hook, and not even Eno himself. It follows that Hook's operations were unauthorized and that he took minerals that were still the property of the United States because Eno had not ousted the United States from its rights.[2]

AFFIRMED.

---

**2.** In his reply brief Hook asserts that he could do what he dubs recreational mining on the property in any event. However, he did not raise that argument at the district court, or in his opening brief, and we therefore deem it waived. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999); *Crawford v. Lungren,* 96 F.3d 380, 389 n. 6 (9th Cir.1996); *Eberle v. City of Anaheim,* 901 F.2d 814, 817–18 (9th Cir.1990).